IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daniel Horacek,      Case No. 2:19 CV 10211

        Petitioner,     ORDER DENYING
             <u>HABEAS PETITION</u>
-vs-
    JUDGE JACK ZOUHARY
Warden J. Christiansen,

        Respondent.

## INTRODUCTION

In 2012, Petitioner Daniel Horacek pled guilty to unarmed robbery in state court and received a prison sentence of 33 months to 40 years (Doc. 11-4 at 15). In January 2019, Horacek filed a habeas Petition under Section 2254 (Doc. 1); the Government answered the Petition that August (Doc. 10). In March 2022, his case was transferred to this Court, without explanation for the delay (*see* Doc. 17). This Court then appointed counsel for Horacek in order to supplement the record (Doc. 18). Horacek, through counsel, filed a reply in October 2022 (Doc. 21).

## BACKGROUND

Under Section 2254(e)(1), the state appellate court factual summary is presumed correct. Here's what it says:

> This case arises from a robbery allegedly committed by [Horacek]. On June 4, 2012, [Horacek] entered a store in the evening between 8:30 p.m. and 9:00 p.m., shortly before the store was scheduled to close. According to the store clerk, who testified at the preliminary examination, [Horacek] directed the clerk to open the cash register and give him the money, which she did. [Horacek] was not disguised in any

manner and the entire incident was captured by the store's surveillance cameras. The police located [Horacek] at a local motel shortly after 10:00 p.m., entered his room, and arrested him without a warrant.

[Horacek] was charged with armed robbery, but was bound over for trial on a charge of unarmed robbery. [Horacek] filed a motion to suppress his post-arrest statement to police, alleging that the police violated his Fourth Amendment rights by entering his motel room and arresting him without a warrant. He also moved to quash the information. The trial court denied both motions. [Horacek] thereafter expressed a willingness to enter a plea to unarmed robbery, provided he could appeal the trial court's pretrial rulings. The trial court assured [Horacek] that "both issues will be preserved for appeal." The prosecutor expressed his position that any error in the trial court's pretrial rulings would be "harmless" to the state's ability to prosecute [Horacek] because there was sufficient evidence to go forward without [his] statement. However, the prosecutor did not contest [Horacek's] entitlement to appeal the trial court's rulings or express disagreement with the trial court's statement that the issues were "preserved for appeal." [Horacek] thereafter entered his no contest plea.

*People v. Horacek*, 2015 WL 5442778, at *1 (Mich. Ct. App. 2015).

## PROCEDURAL HISTORY

After pleading no contest and being sentenced, Horacek filed an application for delayed appeal to the state appellate court. He asserted four constitutional violations: (1) improper bind over for unarmed robbery; (2) denial of the motion to suppress; (3) breakdown in the attorney-client relationship; and (4) counsel's failure to pursue an interlocutory appeal of the denial of his *pro se* motion to quash (Doc. 11-5 at 16). The appellate court reviewed the delayed application and denied it "for lack of merit in the grounds presented" (*id.* at 5). Horacek next appealed to the Michigan Supreme Court, which remanded the case back to the appellate court to determine whether Horacek's "warrantless arrest violated his Fourth Amendment rights." *People v. Horacek*, 854 N.W.2d 106 (Mich. 2014). The appellate court denied Horacek's Fourth Amendment claim on the merits, holding that exigent circumstances justified the warrantless arrest, and affirmed his conviction. *Horacek*, 2015 WL 5442778, at *4. Horacek attempted to appeal to the Michigan Supreme Court, but that application was denied. *People v. Horacek*, 903 N.W.2d 826 (Mich. 2017). He then filed this federal habeas Petition.

2

STANDARD

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this Court may not grant relief unless a petitioner proves a state court decision: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court"; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To prevail on prong one, Horacek must establish that "the state court arrive[d] at a conclusion opposite to that reached by [the Supreme] Court on a question of law or . . . decide[d] a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Metrish v. Lancaster*, 569 U.S. 351, 357 n.2 (2013) (internal quotation marks and citation omitted). Prong two requires a showing that the state-court decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Hill v. Curtin*, 792 F.3d 670, 676 (6th Cir. 2015) (en banc) (citation omitted).

DISCUSSION

Horacek's Petition raises five constitutional claims. Each is addressed below.

### 1. Hearsay Evidence

First, Horacek argues the trial court violated his due process rights by relying on "hearsay and conjecture" to support the probable cause determination and warrantless arrest (Doc. 21 at 1–2). He asserts that his "inability to see or hear testimony from the police witnesses that was prominently utilized by the court, first to bind him over to face the unarmed robbery charge, then the use of the transcript of that same proceeding against him to adjudicate his Fourth Amendment claim" (*id.* at 7).

The state appellate court already addressed and rejected this claim. The court noted that Horacek had ample opportunity to confront witnesses and challenge the facts as presented by police:

3

> In support of his argument regarding the constitutionality of the search, [Horacek] argues that the trial court's decision on the motion to suppress was based on hearsay and evidence not admitted in the record. We disagree. The surveillance video footage is a part of the lower court record, and the store clerk testified at the preliminary hearing. Further, many of the facts relied upon by the trial court and prosecutor were included in [Horacek]'s motion to suppress. The few that were not were included in the prosecution's response to [Horacek]'s motion. In addition, [Horacek] never questioned the accuracy of these facts in the trial court, but rather asserted that the facts were insufficient to show exigent circumstances. [Horacek]'s challenge to the facts at this point in the proceeding is untimely and inconsistent with his position in the trial court.

*Horacek*, 2015 WL 5442778, at *3.

In short, Horacek's hearsay based claim fails on the merits because the trial court did not rely solely on hearsay evidence at the preliminary hearing, and Horacek failed to argue any of the facts presented by officers were incorrect. The decision is neither objectively unreasonable nor contrary to established federal law.

The Government argues this claim is not properly before this Court because Horacek failed to "fairly present" it in state court and therefore it is not exhausted (Doc. 10 at 19–20). Because the claim fails on the merits, this Court need not reach that issue. *See* 28 U.S.C. § 2254(b)(2) (noting that district courts are authorized to deny relief on the merits of an unexhausted claim).

### 2. Denial of Motion to Suppress

Horacek's second claim essentially rests on the same arguments as his first -- the arrest was based on hearsay evidence and therefore the trial court should have granted his motion to suppress. This claim fails for two reasons.

First, it is not cognizable. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976). Horacek does not dispute that "Michigan provide[s] an adequate avenue to raise a Fourth Amendment claim." *See Hurick v. Woods*, 672 F.

4

App'x 520, 535 (6th Cir. 2016). Rather, he argues that the hearing on the Motion to suppress was a "sham" (Doc. 21 at 9). Again, the appellate court fully considered and rejected this argument:

> We agree with the trial court's analysis regarding the existence of exigent circumstances. Unarmed robbery is a serious offense and requires a showing that the defendant "use[d] force or violence against any person who is present, or . . . assault[ed] or put[ ] the person in fear." MCL 750.530(1). In this case, the surveillance video showed that [Horacek] kept his left hand in his pocket throughout his interaction with the store clerk, thus implying that he possessed a weapon. While [he] made no overt threats and did not brandish his weapon, his actions were threatening and of a violent nature, and were certainly construed that way by the store clerk, who testified that she thought [Horacek] may have something in his pocket he would use to hurt her. Following the crime, police reasonably suspected [Horacek] may be armed based on the store clerk's statements. In addition, police were on the lookout for [Horacek] based on his suspected involvement in several breaking and entering's that had occurred in the same area within the week. There was also a clear showing of probable cause for [Horacek's] arrest based upon the sales clerk's statement as corroborated by the store's surveillance video. Finally, the record showed that police had strong reason to believe [Horacek] was located in the motel room, and there was concern for officer and citizen safety given [Horacek's] conduct and the possibility he was armed.

*Horacek*, 2015 WL 5442778, at *2. This was not a "sham" proceeding -- Horacek had an "opportunity for full and fair consideration" of his claim. *Good v. Berghuis*, 729 F.3d 636, 639 (6th Cir. 2013) (citation omitted).

Second, on the merits, Horacek cannot show the suppression denial was unreasonable or contrary to federal law. The Sixth Circuit "has noted that the interests at stake in a suppression hearing are of a lesser magnitude than those in the criminal trial itself." *United States v. Raddatz*, 447 U.S. 667, 679 (1980). "At a suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." *Id.*

### 3. Motion to Quash

Horacek next argues he should be allowed to withdraw his no-contest plea because the trial court violated his right to counsel by forcing him to argue *pro se* on his motion to quash (Doc. 21 at 15). As the Government explains, Horacek's plea was conditional on preserving the Fourth

Amendment issue for appeal. Horacek felt that to preserve the issue, he must file a motion to quash and an interlocutory appeal. The trial court, and Horacek's counsel, correctly disagreed with him. *See Horacek*, 2015 WL 5442778, at *1 (bypassing the motion to quash and addressing the merits of the Fourth Amendment claim).

Horacek argues that "while through an involved process of remands his suppression motion was eventually decided on the merits, his motion to quash the bind over was never fully heard" (Doc. 21 at 23). This may be true. However, the motion to quash is based on the exact same Fourth Amendment arguments laid out above. The appellate court addressed the merits of each of those arguments and rejected them. Horacek got exactly what he bargained for -- an appellate decision on the Fourth Amendment issues, rendering any trial court error harmless. Thus, to the extent his claim for a withdrawal of his plea is cognizable on federal habeas review, it is meritless.

### 4 & 5. *Effective Assistance of Counsel*

Horacek's final two claims allege a denial of his right to effective assistance of counsel. *Strickland* imposes "a deferential standard that is challenging for a claimant to meet. Where the claimant is a state habeas petitioner whose claims are subject to AEDPA, that standard is raised even higher, as the petitioner must show that the state court's application of *Strickland* was itself unreasonable." *Kelly v. Lazaroff*, 846 F.3d 819, 831–32 (6th Cir. 2017). This amounts to a "doubly deferential standard of review that gives both the state court and the defense attorney the benefit of the doubt." *Id.* (citation omitted).

Horacek first alleges the refusal to file an interlocutory appeal constitutes ineffective assistance (Doc. 21 at 25). As explained above, such an appeal was unnecessary to preserve the Fourth Amendment issue. The appellate court denied Horacek's delayed application for leave to appeal because it found his claims to be meritless. And because the claim was reviewed on the merits, Horacek cannot show the outcome on appeal would have been any different had counsel filed an

6

interlocutory appeal. On remand, the court addressed the Fourth Amendment issues at length, and again rejected his arguments. Those decisions are afforded deference under AEDPA. *Werth v. Bell*, 692 F.3d 486, 493–94 (6th Cir. 2012).

In his Reply, Horacek also argues his appellate counsel was ineffective for failing "to make timely objections to the prosecutor's unsupported arguments, use of, and trial court's reliance on, those arguments as 'facts' regarding the issues of illegal search and seizure and probable cause to arrest in this matter, constitutes ineffective assistance of appellate counsel" (Doc. 21 at 30). A failure by appellate counsel "to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result." *Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011). Here again, the appellate court addressed the exact argument Horacek wanted his counsel to advance: "[Horacek] argues that the trial court's decision on the motion to suppress was based on hearsay and evidence not admitted in the record. We disagree." *Horacek*, 2015 WL 5442778, at *3. This conclusion is sound.

## CONCLUSION

Horacek's claims received full review in state court. Affording proper deference to the state trial and appellate courts, this Court finds the decisions were not unreasonable or contrary to established federal law. The Petition (Doc. 1) is denied. This case is dismissed.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

January 3, 2022